IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JANELL T. MOORE, et al.       :    CIVIL ACTION
                              :
         v.                   :
                              :
COMCAST CORPORATION, et al.   :    NO. 08-773

MEMORANDUM

Bartle, C.J.                                    January 24, 2011

Before the court are the motions of class representative Janell T. Moore for final approval of the proposed class action settlement and plan of allocation and for the award of attorneys' fees, litigation costs, and compensation award to herself as the named plaintiff. Defendants have filed a brief in support of plaintiffs' motions.

Named plaintiff Janell T. Moore, a former Comcast Corporation employee, brought this class action under §§ 409 and 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132(a), on behalf of participants in and beneficiaries of the Comcast Corporation Retirement-Investment Plan (the "Plan"). Defendants are the Comcast Corporation ("Comcast"), several current and former members of Comcast's Investment Committee (the "Investment Committee defendants"), and several Comcast employees allegedly responsible for monitoring the membership of the Investment Committee in 2007 (the "Monitoring defendants").

Plaintiffs assert claims that defendants breached their fiduciary duties to Plan participants in violation of the ERISA statute with respect to the Plan's investment in and behavior surrounding Company Stock during the Class Period. In short, plaintiffs allege that defendants had knowledge that Comcast Corporation Stock ("Company Stock") was artificially inflated but nonetheless continued to offer such stock as a Plan investment to class members and that doing so was imprudent. On July 7, 2008, defendants filed a motion to dismiss Moore's claims. The court granted that motion as to defendant Michael J. Angelikas on all claim and as to all defendants on Moore's claim for breach of the fiduciary duty to provide complete and accurate information. The motion was denied in all other respects.

On April 6, 2010, this court certified a class consisting of all persons who were participants in or beneficiaries of the Comcast Corporation Retirement-Investment Plan at any time from February 1, 2007 to December 5, 2007 and whose accounts included investments in the Comcast Class A Common Stock Fund or the Comcast Class A Special Common Stock Fund. On April 19, 2010, defendants filed a petition for leave to appeal this certification to the United States Court of Appeals for the Third Circuit pursuant to Rule 23(f) of the Federal Rules of Civil Procedure. On July 8, 2010, the Court of Appeals denied their petition.

On December 30, 2010, we held a hearing on Moore's motion for approval of the settlement and for the award of attorney's fees, litigation costs, and a compensation award.

I.

We turn first to Moore's motion for final approval of the class action settlement. Plaintiffs and defendants have entered into a proposed settlement agreement, which provides $5,000,000 and certain non-monetary benefits to the class in exchange for a release of all claims brought in the complaint. The monetary proceeds of the settlement agreement are to be distributed pro rata based on their holdings of Company Stock in the Plan during the class period, including purchases and sales of Company Stock during the period.

The plan of allocation calculates this pro rata award through a mathematical formula. First, the "recognized loss" for each class member is the difference between the dollar value of a class member's Company Stock holdings at the start of the class period and at its close, taking into account the member's purchases and sales of Company Stock during the class period. Class members with a recognized loss of less than $5 will be deemed to have a de minimus loss and excluded from the pro rata allocation of the settlement fund. The "aggregate recognized loss" will then be calculated by totaling all class members' recognized losses. Each class member will receive a percentage of the settlement fund that is equal to their personal percentage of the aggregate recognized loss.

The non-monetary benefits in the settlement agreement are composed of base-level investment advisory services provided to all class members for a period of three years, an annual diversification notice to all Plan participants holding more than 10% of their account balance in Company Stock, additional Plan disclosures, and annual fiduciary training for members of the Plan's Investment Committee. Finally, Comcast has agreed to take no action to limit Plan participants' ability to sell their Company Stock for three years.

A district court may only approve a settlement of class action litigation if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). Our Court of Appeals has identified nine factors to guide the district courts in approving proposed class action settlements. See Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975). These factors are: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. In re Warfarin Sodium Antitrust Litig., 391 F.3d 516, 534-35 (3d Cir. 2004) (citing Girsh, 521

F.2d at 156-57).  The court has further held that a presumption of fairness attaches to agreements if the district court finds: (1) the negotiations occurred at arms length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.  In re Cendant Corp. Litig., 264 F.3d 201, 233 n.18 (3d Cir. 2001) (citation omitted).

In evaluating the proposed settlement in this case, we note that "there is an overriding public interest in settling class action litigation, and it should therefore be encouraged." In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 784 (3d Cir. 1995).  Settlement of complex class action litigation conserves valuable judicial resources, avoids the expense of formal litigation, and resolves disputes that otherwise could linger for years.  See id.; In re Sch. Asbestos Litig., 921 F.2d 1330, 1333 (3d Cir. 1990).

Plaintiffs' counsel maintains that the settlement is fair and reasonable as it is the product of arms'-length negotiation by experienced counsel familiar with class action litigation.  The settlement came about after several months of negotiations between the parties and after the determination of highly contested motions to dismiss and for class certification. Substantial discovery was conducted, including the deposition of Moore and of several defendants to the action.  Class counsel has significant experience in this field of class action litigation. Finally, no class members have filed any objections to the

proposed settlement. We find that this settlement is entitled to a presumption of fairness.

Nonetheless, we will evaluate the settlement in light of the factors first enunciated by the Court of Appeals in <u>Girsh</u>, some of which overlap with the those that establish the presumption of fairness. <u>See</u> <u>Warfarin</u>, 391 F.3d at 534-35.

This litigation has been ongoing for more than two years before the parties reached the agreement now before this court for approval. Were this case to continue, the ensuing litigation would require extensive fact and expert discovery about which defendants owed a fiduciary duty to the class, whether any of the defendants had breached that fiduciary duty, and whether the fiduciaries reasonably should have known that the Company Stock was too risky to offer through the Plan. Furthermore, given the evolving and unsettled state of ERISA class action law, defendants anticipated filing a motion for summary judgment and appealing any adverse verdict. The expense, duration, and complexity of this case weigh in favor of approving a settlement brokered after protracted negotiations.

Plaintiffs face a significant risk in this litigation since ERISA class action law, as noted, is evolving and unsettled and all previous verdicts on similar claims have been in favor of defendants. Similarly, the risk of maintaining the class action through trial, the sixth factor, was substantial and favors early settlement of this case. Class certification was granted based on several novel issues presented in this case, any of which

could be overturned on appeal or reconsidered by the court during the litigation.

After careful consideration of the risks to the class of proceeding to trial including the novelty of the class' legal theories, resources expended in this litigation, the lack of objection to the settlement, and the manner in which the settlement agreement was created, we conclude that the decision of the class representatives on behalf of the class to settle this case for the amount of $5,000,000 is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). Accordingly, we will grant plaintiffs' motion to approve the settlement and plan of allocation.

## II.

We turn now to Moore's motion for attorneys' fees. Class counsel has requested an award of $1,650,000 from the Settlement Fund, which represents 33% of the $5,000,000 settlement amount. Counsel contends that its request is supported by the time and effort it has expended throughout this litigation, the risk undertaken, the quality of services rendered, the efficiency of the litigation, and the results achieved. Counsel also requests payment of $153,609.67 of litigation costs and a compensation award of $10,000 to be paid to named plaintiff Janell T. Moore for her time and efforts expended on this litigation.[1]

---

1. The class notice informed class members that class counsel
(continued...)

We must engage in a "thorough judicial review" as "required in all class action settlements." In re Gen. Motors Corp. Pick-Up Truck Fuel, Tank Prods. Liab, Litig., 55 F.3d 768, 819 (3d Cir. 1995). According to our Court of Appeals, a district court reviewing a fee petition "must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees are fair and proper." In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 730 (3d Cir. 2001) (quoting Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1328-29 (9th Cir. 1999)). We must "engage in robust assessments of the fee award reasonableness factors." In re AT&T, 455 F.3d at 166 (quoting Rite Aid, 396 F.3d at 302).

For many years, both the Supreme Court and our Court of Appeals have favored calculating attorney's fees as a percentage of the class recovery. See Boeing Co. v. Van Gemert, 444 U.S. 472, 478-79 (1980); In re AT&T Corp., 455 F.3d 160, 164 (3d Cir. 2006); In re Prudential Ins. Co. America Sales Practice Litig. Agent, 148 F.3d 283, 333 (3d Cir. 1998); Court Awarded Attorney Fees, Report of Third Circuit Task Force, 108 F.R.D. 237 (1985). Our Court of Appeals has set forth the standards by which we measure and evaluate the reasonableness of proposed counsel fees. See Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir.

---

1.(...continued)
intended to seek up to $1,750,000 from the settlement fund, up to $200,000 in litigation costs, and a $10,000 compensation award to Moore. No objections have been filed to that proposed settlement agreement.

2000). Those factors include: (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; and (7) the awards in similar cases. See Gunter, 223 F.3d 195 n.1. These factors are not to be applied in a rigid, formulaic manner, but rather a court must weigh them in light of the facts and circumstances of each case. Finally, if we do not reach a conclusion considering the Gunter factors, we may conduct a lodestar cross-check. See Cendant, 264 F.3d at 284-85.

We first consider the results obtained by class counsel for the benefit of the class. Specifically, we look to the size of the recovery in relation to the size of the class. Class counsel obtained a settlement of $5,000,000 for a class estimated to number 35,360 members. Because the precise size of the class is not certain, the precise benefit per share or per class member cannot be determined. This would amount to approximately $142.85 per class member if the settlement fund were allocated on a per person basis. Nevertheless, the size of the settlement is reasonable considering the defendants denied, and continue to deny, liability and litigated this case before the court for two years before they settled. Furthermore, each class member will

be compensated pro rata, depending on the amount estimated to be lost based on a formula included in the plan of allocation.

Pursuant to this court's Order of September 28, 2010, copies of the proposed settlement and notice were mailed to the 35,360 members of the class along with notice of the opportunity to object to the attorney's fee and cost reimbursement provisions. Class counsel supplemented their mailed notice by publicizing the settlement in USA Today. Not one member of the class has filed an objection to the settlement or attended the December 30, 2010 hearing.

We also observe that the settlement obtained by class counsel was achieved after they alone conducted the investigation and prosecuted the case against opponents represented by highly skilled counsel. No agency of the United States, including the Securities and Exchange Commission, conducted any investigation of this matter, and class counsel performed all the work. Class counsel successfully litigated defendants' motion to dismiss, engaged in extensive discovery, and obtained class certification by pursuing novel legal theories. The defendants opposed class counsel each step of the way. Class counsel nevertheless engaged in this litigation for two years on a contingent basis. Furthermore, we note that in similar cases our Court of Appeals has approved awards of counsel fees that range from 19% to 45%. See GM Trucks, 55 F.3d at 822. The fee represents 33% of the monetary value of the settlement and in this case is comparable to the average fee customary in this circuit.

In sum, the facts and circumstances of this case in addition to the efforts of counsel evaluated pursuant to the Court of Appeals' command in Gunter weigh in favor of approving the counsel fee agreement between class counsel and the class representatives. Furthermore, even though the court is not required to perform one, the lodestar cross-check reveals that class counsel's fee is reasonable. Counsel submit that they have expended a total of 2,610 hours on this case. Adjusted for the various rates charged, the cumulative lodestar for counsel fee is $1,573,604. The lodestar suggests a modifier of less than 1.05, which is significantly lower than numerous cases in which multipliers of up to 4 have been approved. The lodestar analysis confirms our conclusion that the fee agreement is reasonable under Gunter.

Plaintiffs' counsel has also requested reimbursement of $153,609.67 in litigation costs. Counsel "is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the case." In re Cendant Corp., 232 F. Supp. 2d 327, 343 (D.N.J. 2002); see also Abrams v. Lightolier Inc., 50 F.3d 1204, 1225 (3d Cir. 1995).

Counsel initially provided to the court a somewhat abbreviated break-down of the $153,609.67 in costs expended by class counsel. At the December 30, 2010 hearing, the court requested that class counsel provide further information about certain categories of expenses, namely computer research, expert

fees, secretarial overtime, and "travel/carfare/meals" expenses. Counsel recently submitted those materials and revised their request to $153,339.97. After reviewing the materials, we find that class counsel's request for reimbursement of litigation costs are reasonable and fair to counsel and the class with the exception of their costs for secretarial overtime in the amount of $5,027.32. It is appropriate that class counsel should be reimbursed for litigation costs in the amount of $148,312.65.

Finally, we turn to the request for a $10,000 award to Moore to compensate her for her time and efforts in serving as the named plaintiff for this class. Courts "routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" Cullen v. Whitman Med. Corp., 197 F.R.D. 136, 145 (E.D. Pa. 2000) (quoting In re S. Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). Such an award is particularly appropriate when the named plaintiff has actively assisted class counsel in the litigation on behalf of the class. See Bradburn Parent Teacher Store, Inc. v. 3M, 513 F. Supp. 2d 322, 342 (E.D. Pa. 2007).

After a previous named plaintiff withdrew from the case, Moore stepped forward to intervene. In preparing for the litigation, she reviewed the complaint, met with counsel, provided information and documents responsive to defendants' discovery requests, participated in teleconferences, sat for her deposition, and reviewed and approved the proposed settlement

agreement.  We agree that it is appropriate to compensate Moore in the amount of $10,000 for her considerable efforts in prosecuting this litigation on behalf of the class.

Accordingly, we will grant class counsel's motion for an award of $1,650,000 in attorneys' fees, $148,312.65 in litigation costs, and $10,000 to compensate Moore.